UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA D. E.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 2:21-CV-1527-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not harmfully err when she evaluated Plaintiff's subjective symptom testimony; nor did the ALJ err in determining Plaintiff's residual functional capacity ("RFC"). Thus, the Court affirms.

FACTUAL AND PROCEDURAL HISTORY

On August 1, 2019, Plaintiff filed an application for SSI, alleging disability as of April 30, 2019. *See* Dkt. 7, Administrative Record ("AR") 207–17. The applications were denied upon initial administrative review and on reconsideration. *See* AR 77, 89. A hearing was held before ALJ Catherine Ma on March 5, 2021. *See* AR 31–70. In a decision dated March 31, 2021, ALJ Ma determined Plaintiff to be not disabled. *See* AR 12–30. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1–6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred in: (1) evaluating Plaintiff's symptom testimony; and (2) assessing Plaintiff's residual functional capacity ("RFC"). Dkt. 9, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony.**

Plaintiff avers that the ALJ erred in failing to provide specific, clear and convincing reasons for finding Plaintiff's subjective complaints less than fully credible. Dkt. 9, p. 1.

To reject a claimant's subjective complaints, the ALJ's decision must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines

the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. "[B]ecause subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone," the ALJ may not discredit a subjective description "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Plaintiff alleged disability due to his suffering from depression with psychotic features and mania, chronic post-traumatic stress disorder ("PTSD"), mood disorder, bipolar I disorder, anxiety, gastro-esophageal reflux disease, high cholesterol, suicidal ideation, and sleep disturbances. *See* AR 280. Plaintiff alleged that, despite taking medication, his anxiety and depression worsened, and he has had trouble sleeping or concentrating. Plaintiff alleged that, even around people he knows, he has worsened anxiety, and that he cannot keep a consistent schedule because of the variability between his good and bad days. AR 47–48, 58–59.

The ALJ found this testimony to be inconsistent with (1) Plaintiff's reported improvement in his symptoms with treatment and (2) Plaintiff's activities of daily living. AR 21.

With respect to the ALJ's first reason, an ALJ may discount an opinion as inconsistent with the record as a whole including evidence the claimant's condition improved and stabilized with treatment. *See Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004); 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give that opinion."); *and see, e.g., Lawson v. Colvin*, 2013 WL 6095518 (W.D. Wash. Nov. 20, 2013); *Cox v. Astrue,* 2012 WL 3862135 (D.

Or. Sept. 5, 2012) (the ALJ's reliance on a doctor's notes showing that a claimant improved after the doctor gave his opinion, was a specific and legitimate reason to reject the doctor's opinion).

Here, the ALJ first noted that Plaintiff was hospitalized twice in May 2019 due to suicidal ideation. AR 22. In the first visit, from May 16 to May 23, Plaintiff was diagnosed with chronic PTSD, a severe episode of recurrent major depressive disorder with psychotic features, and an unspecified affective disorder, but upon discharge was bright, cooperative, and interactive, showed good eye contact and neutral mood, intact attention and concentration, and fair judgment and insight. AR 22 (citing AR 403–04, 426–27, 432). Then, on May 28, he was again hospitalized for the same reason before being discharged on June 7. AR 22 (citing AR 442–61, 576–95).

Since then, the ALJ found that Plaintiff's condition showed considerable improvement. In a therapist's note from August 5, 2019, Plaintiff reported an improved mood due to an increased dosage of his medication, and mental status examinations from then through January 2020 showed a full range of expression, clear speech, logical, coherent and goal-directed thought processes, and good memory, concentration, and judgment. AR 22 (citing AR 646, 656–57). Plaintiff also consistently denied suicidal thoughts during this period and reported taking his medications as prescribed. AR 22 (citing AR 605). In notes from other sources during this time, Plaintiff reported feeling better than he had "in a long time" and reported good compliance with treatment, good tolerance of treatment, and good symptom control. AR 22, 679.

Finally, the ALJ found that throughout 2020, Plaintiff reported his mood as stable and "okay," continued taking his medication, and despite taking a quarter off from school, continued working toward his Associates degree. AR 22 (citing AR 773, 788–90, 835, 849).

In challenging the ALJ's finding, Plaintiff asserts that the ALJ placed undue emphasis on records that documented Plaintiff in good mental health and ignored or de-emphasized records that showed otherwise. Dkt. 9, p. 5. However, the ALJ accounted for these records and found that they reflected a trend of improvement after mid-2019. AR 23. Plaintiff cites a Compass Health therapy note from April 13, 2020 for the proposition that his "symptoms persist[ed]" and that treatment needed to continue, but the same record specifically references his "therapeutic gains," as well as Plaintiff's own description his mood as "stable," his depression as "slight" and "not as bad," and his mania as "mild." AR 753–54. Plaintiff also cites a record from January 2020, noting past trauma and a PTSD diagnosis, but omits the accompanying mental status exam examination, which was unremarkable, and his nurse practitioner's statement that he was "stable and at baseline." AR 773–74.

Plaintiff also makes a general argument that the ALJ was required to consider the waxing and waning of his symptoms. Plaintiff points to the inherently cyclical nature of bipolar disorder, citing *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir.2014). Therein, the Ninth Circuit noted that "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017. However, he does not point to any evidence contradicting the ALJ's finding of sustained improvement after his hospitalizations. "[The Court] must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The ALJ's interpretation of the evidence was rational, and although Plaintiff offers a competing interpretation, the Court will not disturb the ALJ's findings.

The ALJ has provided a clear and convincing reason for making an adverse credibility determination. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). Therefore, the Court will not address the ALJ's other reasons, as any error would be harmless. *See Batson,* 359 F.3d at 1197 (concluding that, even if the record did not support one of the ALJ's stated reasons for disbelieving claimant's testimony, any error was harmless).

**II. Whether the ALJ Erred in Determining Plaintiff's Residual Functional Capacity.**

Plaintiff assigns error to the ALJ's RFC finding, averring that the ALJ failed to account for his 2019 hospitalizations in making this determination. This was error, Plaintiff asserts, because the vocational expert testified that employers would not generally tolerate an excess of two absences per month. Dkt. 9, p. 10. In support of his contention, Plaintiff points to his number of treatment appointments with counselors throughout 2019 and 2020. This argument is unpersuasive.

The list of appointments and hospital visits in Plaintiff's brief is unavailing because disability is not based on the number of appointments that a person attends. 42 U.S.C. § 1382c(a)(3). This Court has rejected the notion that the "frequency of medical appointments alone can be considered a disabling medical impairment. Accepting such a proposition would presume disability for anyone who frequently visited a doctor regardless of the necessity of the treatment or the medical prognosis." *Goodman v. Berryhill*, No. C17-5115 BAT, 2017 WL 4265685, at *3 (W.D. Wash. Sept. 25, 2017), *aff'd,* 741 F. App'x 530 (9th Cir. 2018). Plaintiff's argument also misapprehends the purpose of a residual functional capacity assessment, which is to indicate the most a claimant can do considering their limitations or restrictions, not the least a claimant can do. *See* SSR 96-8p.

Finally, no physician or psychologist in the record opined that Plaintiff would frequently miss work due to medical appointments. Nothing suggests that Plaintiff could not have scheduled his medical appointments outside of working hours such that being employed would have been precluded for more than 12 months. The Court has already determined that the ALJ's finding of improvement after Plaintiff's hospitalization was supported by substantial evidence. *See* Section I, *supra*. The ALJ did not harmfully err in declining to find that the frequency of Plaintiff's treatment visits precluded his consistent attendance at work for more than 12 months.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice.

Dated this 22nd day of April, 2022.

David W. Christel
United States Magistrate Judge